1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOPA INSURANCE COMPANY, | CASE NO.   1:11-cv-01573-MJS (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANT'S APPLICATION FOR DISBURSEMENT OF |
| v. | INTERPLED FUNDS AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED |
| AMRINDER SINGH, et al., | COMPLAINT |
| Defendants. | |
| _____/ | |

I.    **INTRODUCTION**

A.    **The Accident, The Insurance, And The Claims**

        This interpleader action arose out of a July 23, 2009, multi-vehicle collision on a

Virginia interstate highway.  Apparently all involved have concluded that the accident was

caused, at least in substantial part, by Defendant Pawandeep Singh's negligent operation

of a tractor trailer.[1]

        The truck Pawandeep Singh was driving was owned by his then-passenger,

_____

        [1] Liability issues are not presently before this Court and are not addressed or resolved here.

Amrinder Singh.  Amrinder Singh was insured at the time under a one million dollar Commercial Automobile Liability insurance policy (TLH 002227-00) issued by Plaintiff Topa Insurance Company.

Injured parties asserted claims and/or filed suit in various jurisdictions to recover for property loss, personal injury, and wrongful death suffered in the accident, and they have sought coverage therefore under the Topa policy.  The claims substantially exceed, multiple times over, the value of the policy.

### B.   The Interpleader Action

Because the claims against the Topa policy exceeded the amount of coverage provided, Topa initiated this action in this Court on September 15, 2011, and sought, among other relief, a judicial determination: (1) of the amount each of the Defendants was entitled to share in the policy; (2) enjoining the Defendants from initiating or pursuing any other judicial proceedings affecting the rights and obligations between and among them and Topa; and (3) discharging Topa's obligations under the policy.  (ECF No. 1.)

Topa named as Defendants in the action:

Amrinder and Pawandeep Singh;

Linton and Jan Weeks;

Jorge and Rebecca Chavero;

DBi Services, LLC;

Royal Freight, LP;

Progressive Insurance Company;

Hiscox Insurance Company;

Northland Insurance Company;

Truck Service, Inc.; and,

Does one through fifty.

On September 22, 2011, Topa deposited the full amount of the policy proceeds into the Registry of this Court.

### C.   Agreed Distribution

Reportedly, all claims for indemnity from the Topa policy arising out of the July 23, 2009, accident have now been settled; written agreements have been exchanged and all that is necessary to finally close those claims is to disburse the amounts agreed upon out of the funds deposited in the registry of the Court.

Specifically, direct negotiations among the parties led to a collective agreement that the interpled funds should be distributed to or for the benefit of the following-named claimants in the amounts indicated below:

1.   Royal Freight, Inc – $20,000.00

2.   DBi Services, LLC – $10,000.00

3.   Jorge and Rebecca Chavero – $7,500.00

4.   Hiscox Insurance Company – $3,500.00

5.   Linton and Jan Weeks – $959,000.00 plus all interest which accumulates on the interpled funds while on deposit with the Registry of the Court.

### D.   Remaining Dispute

Notwithstanding the above agreements, the Weeks continue to pursue litigation against Amrinder Singh and related parties, including 3SJ Transportation, LLC, in San Joaquin County, California, Superior Court case number 39-2010-00243717-CU-PA-STK.

Reportedly, 3SJ tendered defense of that action to Topa, Topa accepted the tender and has been providing, and agrees to continue to provide even after distribution of the policy proceeds, a defense for 3SJ in that state court action.

Topa has, however, sought 3SJ's agreement to accept and be bound by the allocation and distribution of policy proceeds as described here.  3SJ has declined to so agree.  Topa believes that 3SJ may claim that distribution of the policy proceeds without securing a discharge of 3SJ's liability to the Weeks may constitute a breach of Topa's obligations to 3SJ as an additional insured under the policy.

**E.    Proposed Complaint Amendment**

Because of its concerns that 3SJ might assert a further claim against Topa, notwithstanding Topa's payment of the full amount of the policy and discharge of Topa in this case, Topa now seeks leave to amend the Complaint and bring 3SJ into this action as a Defendant.[2]  (ECF Nos. 74, 86.)  The Weeks object.  (ECF No. 89.)  The parties have submitted competing Orders denying the motion to amend[3], providing for disbursement of the interpled funds and proposing competing language as to the effect of the Order.[4]

---

[2]  Topa originally sought to bring 3SJ and Intrade Industries, Inc., a similarly situated company with similar exposure to the Singhs and similar claims against Topa, into this action via stipulation with both also stipulating to be bound by this Court's Orders. (ECF No. 74.) Intrade has so agreed as between it and Topa (ECF No. 91), and Topa no longer seeks formally to bring Intrade into this action. Efforts to persuade 3SJ to act similarly have failed.

[3]  No separate, specifically identified written motion to amend has been filed.  However, the parties and the Court agreed in a July 24, 2012, Status Conference, that all would proceed on the oral request as if a formal written motion had been filed.  That agreement is reflected in the parties competing proposed Orders (ECFs No. 98-1 at 1:21-22 and 98-2 at 1:25-2:1.)  The Court proceeds accordingly.

[4]  As noted, Topa has asked this Court to grant leave to amend and bring 3SJ in as a Defendant. (ECF Nos. 74, 86.)  The Weeks oppose granting leave to amend.  (ECF No. 89.)  The respective briefs on this issue came in response to the Court's request for briefing on the effect of threatened third party claims against Topa. (ECF No. 84.)

4

## II.   **ISSUES**

The issues before this Court at this time are:

1.   Shall Plaintiff, Topa Insurance Company, be granted leave to amend to add 3SJ Transportation, LLC, as a Defendant?

2.   Shall the interpled funds on deposit in the Registry of this Court be disbursed at this time in the amounts and to the parties as agreed?

3.   Shall the language of the Order purport to address Topa's obligations to non-parties?

No one disputes that interpleader was appropriately initiated and pursued in this Court.  The Court finds that the diversity, amount in controversy, and venue requirements of 28 U.S.C. §§ 1335 and 1397 have been met.

As noted, no party objects to the proposed disbursement of interpled funds. However, upon such disbursement, Topa seeks a determination from this Court that Topa has discharged its obligations to all of its insureds under the policy; Topa wants 3SJ as a party to the action so that it too will be bound by the distribution and discharge hereunder and be foreclosed from challenging the agreed disbursement, or more likely, its effect on 3SJ and 3SJ's claims against Topa.  To be even more precise, 3SJ apparently has objected to Topa interpleading the policy limits and seeking discharge without first securing 3SJ's release from its potential liability to the Weeks and possibly others in the state court litigation. (ECF No. 92 at 4:5-6.) Without specifically objecting to the allocation of the policy proceeds, 3SJ reportedly wants to reserve the right to claim that distribution independent of 3SJ's release breaches the duty of good faith and fair dealing Topa owes to 3SJ.  (ECF Nos. 89 at 4:24 - 5:11 and ECF No. 92 at 4:17-18.)

The issues thus boil down to whether disbursement should be delayed to allow 3SJ to be brought into the case and be given an opportunity to challenge the disbursement and, if not, what shall be the scope and extent of the Court's disbursement and discharge order.

## III.   APPLICABLE LAW

### A.   Motions to Amend

All recognize that motions to amend are to be granted with great liberality.  Fed. R. Civ. P. 15(a)(2).  Generally, leave to amend will be granted absent a showing of undue prejudice, bad faith, or dilatory purpose on the part of the moving party.  Foman v. Davis, 371 U.S. 178, 182 (1962).  Here there is no claim of bad faith or undue prejudice except insofar as amendment will delay the disbursement of the interpled funds.  Delay as may be occasioned by full litigation of the issues generally is not considered prejudicial delay. See, e.g., Middle Atlantic Utilities Co. v. S.M.W. Development Corp., 392 F.2d 380, 384-86 (2d Cir. 1968); Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

On the other hand, leave to amend may be denied if amendment is futile.  Saul v. United States, 928 F. 2d 829, 843 (9th Cir. 1991).  "Futility" normally is examined with a view towards determining whether any set of facts might exist which could support the amendment.  Miller v. Rykoff-Sexton, Inc., 845 F. 2d 209, 214 (9th Cir. 1988).  Here the Court will examine the futility issue from the slightly different perspective of whether the party sought to be brought in by the amendment is a proper party to this interpleader action; if so, whether Topa could and should secure in this action the relief for which it wants 3SJ added; and whether the funds may and should be distributed at this time without regard to whether 3SJ is brought in or not.

### B. <u>Interpleader</u>

This action, brought by a liability insurance company faced with multiple claims against a negligent insured in amounts multiple times greater than the liability policy covering the negligence, is a common and recognized basis for interpleader. <u>See</u>, <u>e.g.</u>, <u>State Farm Fire & Cas. Co. v. Tashire</u>, 386 U.S. 523 (1967).  However, such action is not the be all to end all; the court in which the interpleader is filed cannot adjudicate the injured parties' claims against other torfeasors nor independent claims against the insurance company.  The court can only determine how to distribute the interpled funds among the various claimants. <u>Id.</u> at 535-37.  Interpleader is not a "bill of peace". <u>General Atomic Co. v. Duke Power Co.</u>, 553 F. 2d 53, 57 (10th Cir. 1977).

Since liability insurance companies owe their insureds a duty to defend and indemnify, interpleading the policy limits does not relieve the carrier of the duty to defend. <u>Mt. Hawley Ins. Co. v. Federal Savings & Loan Insurance Corp.</u>, 695 F.Supp. 469, 474 (C.D. Cal. 1987)

## IV.  <u>THE PARTIES' RESPECTIVE POSITIONS AND PROPOSED ORDERS</u>

### A. <u>Topa</u>

Topa seeks injunctive relief precluding anyone from initiating or pursuing in any court further claim against the interpled funds or directly against Topa.   The court in an interpleader action may permanently enjoin the claimants in an appropriate manner and grant other adequate relief to the stakeholder. <u>Francis I. du Pont & Co. v. Sheen</u>, 324 F.2d 3, 4 (3rd Cir. 1963) (<u>citing</u> <u>Dugas v. American Surety Co.</u>, 300 U.S. 414 (1937)).

More specifically, Topa seeks leave to add 3SJ to "ensure that any order discharging Topa binds all claimants or potential claimants to the impled [sic] policy limits."

7

1
2
3

(ECF No. 86 at 1:26-27.)  Topa  notes that the primary purpose of interpleader is to protect the interpleading  party from a multiplicity of suits.  (Id. at 5:20-22 citing Aetna Life Ins. Co. v. Bayona, 223 F.3d 1030, 1034 (9th Cir. 2000).)

4
5
6
7
8
9
10
11
12
13

Topa notes that 3SJ is not a true claimant to the funds.  However, 3SJ wants the claimants to release 3SJ as a condition of distribution of the policy limits. Topa fears that if the funds are disbursed without 3SJ being a party "there is a real chance that 3SJ will make an after-the-fact challenge" to the disbursement.  (Id. at 2:6-7.)  Topa contends that 3SJ may argue that it was prejudiced by being denied the opportunity to object to the proposed allocation and disbursement.  (Id. at 2:18-20.) Plaintiff argues "[t]o pay the funds out now is to risk a separate action undoing the proposed allocated disbursement of funds."  (Id. at 6:5-6.)

14
15
16
17
18
19
20
21

Topa acknowledges the lack of authority directly supporting its position.  It relies instead on the recognized liberality with which amendment is to be permitted and, implicitly, the reasonableness of its desire to put an end to all litigation over its policy obligations, particularly where, as here, the only prejudice would be delay in distribution of the policy proceeds to the Weeks and other claimants.  As noted, exposure to additional costs and delay inherent in litigation if amendment is allowed is not sufficient alone to defeat a motion to amend.  Middle Atlantic Utilities Co., 392 F.2d at 386.

22
23

Topa has proposed the following order be issued by the Court if it denies leave to amend as requested:

24
25
26
27

Having found this interpleader action to be proper under 28 U.S.C. § 1335, and, in the alternative, F.R.C.P. 22, and having ordered the discharge of Topa's indemnity obligation to all of its insureds under policy no. TLH 002227-00 and disbursement of the interpleader funds as set forth above, the Court will dismiss this case in its entirety upon certification to this Court

8

by the Finance Department of this Court that the disbursement of the interpleader funds has been accomplished in accordance with this Order.

(ECF No. 98-1 at 4:3-8.)

## B. **The Weeks**

The Weeks note that by interpleading the policy limits without asserting a stake in them, Topa expressly disclaimed any interest in the proceeds. (ECF No. 89 at 5.) They argue that Topa's typical commercial auto liability insurance policy obligated Topa to pay "on behalf of its insured but not to its insured" sums for which the insured becomes liable because of a covered loss. (Id. at 3:2-4.) When Topa interpled the policy limits, it framed the issues and defined the field of persons or entities whose claims were to be adjudicated by the Court. (Id. at 3:13-15.)

Counsel for the Weeks argues that allowing Topa to file an amended complaint naming 3SJ as a Defendant would enlarge the interpleader action beyond the scope permitted by 28 U.S.C. § 1335. According to the Weeks, citing 28 U.S.C. § 1335 and Gaines v. Sunray Oil Company, 539 F.2d 1136, 1141 (8th Cir. 1976), a proper party defendant to an interpleader action must be an adverse claimant to the interpled fund. (ECF No. 94 at 3:9-11.)

Citing to a leading treatise on federal procedure, the Weeks argue that interpleader does not allow one to bring into the action parties or claims not related directly to disposition of the interpled res of the action:

> Such interpleader does not solve all the problems of multi-party litigation arising from a mass tort. The court cannot adjudicate the injured parties' claims against other tortfeasors (nor independent claims against the insurance company). The court can only determine how to distribute the "stake" among the various claimants.

9

(Id. at 2:5-13 (citations and italics omitted).)

In summary, the Weeks argue, interpleader actions are not to serve as the forum in which other grievances, such as those by claimants against the interpleading party, may also be adjudicated.

## V.   ANALYSIS

### A.   Disbursement of Interpled Funds

The Court is unable to identify any reason to delay disbursement of the interpled funds in the manner agreed by all those having any remaining claim to them.

Topa initiated this action against those it believed might have claims to the liability coverage provided by Topa's policy.  It alleged that there was dispute among the various Defendants as to who was entitled to what share.  It alleged that the total of all claims exceeded the coverage provided by the policy.  It alleged that it could not determine who was entitled to what. It asked the Court to order all Defendants to interplead their claims, to enjoin them from instituting or prosecuting any other proceedings anywhere "affecting the rights and obligations as between TOPA and the DEFENDANTS,"  and to "issue an order discharging and releasing TOPA from any further obligation under the TOPA POLICY, as TOPA claims no further interest in the policy limits." (ECF No. 1 at 8:17-21.)

As the case progressed, the named and served parties resolved the conflicting claims among themselves and with Topa, including claims by Topa for attorney fees and claims that Topa should pay interest on the policy limits for a period prior to the date on which the funds were deposited into the Registry of the Court.  As a result, all parties Topa claims have any possible right to a share of the Topa policy proceeds have determined that those proceeds may be distributed in the manner provided in Section I.C., above, and as

1  more specifically provided in the proposed orders submitted by both Topa and the Weeks.

2  (ECF No. 98.)

3       Inasmuch as Topa and the Weeks have represented to the Court and the other

4  parties to this action that all parties with an interest in the policy have agreed on the

5  allocation and payment of those proceeds such that there is no longer any other person

6  or entity with a competing interest in the proceeds, and Topa wishes to have the funds

7  paid out pursuant to that agreement, there is no reason to delay that distribution of those

8  funds.

9

10      Nowhere does Topa argue that the funds should not be paid out.  It merely wants

11  3SJ brought into the action before the Court issues its Order adopting the proposed

12  distribution so that 3SJ will be a party bound by that Order.  It seeks to do so not because

13  3SJ is making a claim to the funds: "3SJ is not a claimant and is not expected to file a

14  cross-claim against the defendants" in this case.  (ECF No. 92 at 4 n. 2.)  Rather Topa is

15  concerned 3SJ may claim Topa somehow breached its obligation to 3SJ by agreeing to

16  distribute the policy proceeds while the Weeks are still pursuing claims against 3SJ in the

17  above-referenced state court action.

18

19      As discussed below, the Court will not here determine whether such potential

20  disputes between Topa and 3SJ can and should be brought before this Court in this action.

21  However, whether they can or not, the Court has seen no reason to conclude that such

22  disputes or their resolution could have any effect whatsoever on the distribution of the

23  interpled policy proceeds.  That distribution has been agreed to by all who have a claim in

24  or to those funds.  3SJ has no interest in those funds, no claim to a share of them, and no

25  right as against the distributees to complain about the agreed distribution.  The Court

11

foresees nothing that 3SJ might or could do, or that Topa might or could do, in response to 3SJ's claims, that could alter what already has been agreed to among the claimants/defendants and Topa. Therefore, there is no reason to delay that distribution while Topa and 3SJ resolve whatever differences they have remaining between them.

In summary, while there may, or may not, be some benefit to Topa in having 3SJ made a party to this action, there is no reason to delay the distribution while attempts are made to bring 3SJ in. Accordingly, the Court will order distribution as described in the proposed orders of Topa and the Weeks. The distribution will be delayed until a date fourteen days after the date of this Order to give all parties an opportunity to seek reconsideration or extraordinary relief before the funds are released.

**B.** **Motion to Amend**

It is not clear that naming 3SJ and bringing it into this action as a Defendant will enable the Court to address and resolve anticipated disputes between Topa and 3SJ. However, the Court can not now say that doing so would be futile given the great liberality with which leave to amend is to be granted. Therefore the Court will err in the direction of allowing the amendment, if Topa still wishes to seek it, and give 3SJ an opportunity to appear and address the issue as to whether it is a proper party to this action.

**VI.** **ORDER**

For the reasons set forth above and good cause appearing, it is hereby ORDERED as follows:

1.     The application of Plaintiff Topa Insurance Company for leave to file a first amended complaint in this action and name 3SJ Transportation, LLC, as an additional defendant is GRANTED.

12

2.  The application of Defendants Linton S. Weeks and Jan T. Weeks for disbursement of the one million dollars deposited with the Registry of this Court on September 22, 2011, by Plaintiff Topa Insurance Company, together with all accrued interest thereon, is GRANTED.

3.  The Finance Department of this Court is hereby directed to disburse said deposited funds, including the accrued interest thereon, to the remaining Defendants in this action or their representatives, as follows, fourteen days from the date of this Order:

a.  The sum of $20,000, in a check made payable to "Chamblee, Ryan, Kershaw & Anderson, P.C., as trustee for Royal Freight, LP," mailed to: KC Ashmore, Esq., Chamblee, Ryan, Kershaw & Anderson, P.C., 2777 North Stemmons Freeway, Suite 1157, Dallas, Texas 75207;

b.  The sum of $10,000, in a check made payable to "DBi Services, LLC," mailed to: Joseph A. Whitecavage, Esq., LeClair Ryan LLP, 44 Montgomery Street, 18th Floor, San Francisco, California 94104;

c.  The sum of $7,500, in a check made payable to "Jorge Adrian Chavero and Rebecca Chavero and Steven P. Hammond, their attorney," mailed to Steven P. Hammond, Esq., HammondTownsend, 1569 Jefferson Highway, Suite 101, Fishersville, Virginia 22939;

d.  The sum of $3,500, in a check made payable to "Hiscox Insurance Company," mailed to Mr. Claudio Carrera, York Risk Service Group, Post Office Box 5245, Parsippany, New Jersey 07054-6453; and

e.  The sum of $959,000, together with all such interest as shall have

13

accrued upon said $1 million fund while on deposit with this Court from the time of such deposit to the time of disbursement, in a check made payable to "Butler, Wooten & Fryhofer, LLP, as trustees for Linton Stone Weeks and Jan Taylor Weeks", and mailed to Butler, Wooten & Fryhofer, LLP, Post Office Box 2766, Columbus, Georgia 31902.

4.    Upon certification to this Court that the funds deposited in the Registry of this Court have been distributed in accordance with the terms of this Order, Plaintiff Topa Insurance Company shall be discharged from its indemnity obligations to its insureds under Topa Commercial Liability Insurance policy No. TLH 002227-00 as a result of injuries sustained by them as a result of the motor vehicle accident giving rise to this action.

IT IS SO ORDERED.

Dated:    October 3, 2012            /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

14